FRANK SCHELLACK, RESPONDENT, v. FREDERICK BIERS AND JOSEPH K. FRANKS, TRADING AS "THE OASIS," APPELLANTS.

Submitted February term, 1932—Decided May 16, 1932.

For the appellants, *Messrs. Carey & Lane*.

For the respondent, *Eric H. Jentz*.

The opinion of the court was delivered by

HETFIELD, J. The plaintiff, on June 24th, 1928, visited an amusement park, known as "The Oasis," located at Budd Lake, in Morris county, which was owned and operated by the defendants. One of the attractions contained in the park was a device known as a "cable slide," which consisted of a wooden tower, about twenty-five feet in height, with a platform on it, erected on the edge of the lake, with steps leading up to the tower. Steel cables were stretched from the tower into the lake water and fastened there, a distance of over one hundred and fifty feet. The defendants rented seats, which patrons would attach to the cable by means of a pulley and then slide or ride on the cable from the top of the tower platform into the water. The plaintiff had taken several rides on the cable, and just prior to the accident, procured

from one of the attendants, another apparatus to be attached to the cable which was known as a "sling," which had no wooden seat. He attached this to the cable, siting down on the rope; and with a female companion clinging to him, started the apparatus moving on the cable toward the lake. They went for a distance of five or six feet, when the rope of the apparatus broke, and the plaintiff, together with the girl, fell to the ground. The plaintiff was injured, and instituted suit against the defendants, to recover damages therefor. The trial resulted in a verdict of $6,000 in favor of the plaintiff, and judgment was entered accordingly in the Supreme Court, from which this appeal is taken.

The only grounds upon which we are asked to reverse the judgment under review, is that the trial court erred in refusing to nonsuit the plaintiff, and also in refusing to direct a verdict in favor of the defendants.

We think that there were sufficient facts established by the evidence, from which negligence might have been reasonably inferred, and that each of the motions was properly refused. There was evidence on the part of the plaintiff, to show that the seats or slings in question were rented by the plaintiff, at the rate of fifty cents an hour; that the defendant Frederick Biers directed the plaintiff as to how to use the apparatus; that the plaintiff and the girl who accompanied him had taken several rides together on the cable, using another apparatus; also, that the accident occurred after the pulley had traveled approximately six feet, when the rope to which it was attached broke, causing the plaintiff to fall a distance of about twenty-two feet; and when the rope was examined, soon after the accident, it appeared to be frayed at the place where it had broken, and did not look like a new rope. The defendant Franks, on cross-examination, admitted that had the rope been in good condition, it would have had sufficient strength to bear the weight of a man and woman, and if it was broken or frayed, it was not due to the size of the rope, but to the mechanical abrasion or rotten condition. It also appeared, that it was not unusual for two persons to ride together on the slide.

The proprietor of an amusement park is not an insurer of the safety of his patrons, nor is he bound to protect them against such obvious risks as are necessarily incidental to a particular amusement device, but he must use reasonable care and diligence to see that the device is properly constructed, and is maintained in a fit condition for the purpose for which it is used; and whether the defendants used the required care and diligence, was for the jury to determine, and not the court.

The judgment under review should be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 14.

*For reversal*—None.