HELEN FRIEL AND MATTHEW S. FRIEL, PLAINTIFFS-RESPONDENTS, v. WILDWOOD OCEAN PIER CORPORATION, DEFENDANT-APPELLANT.

Argued May 21, 1942—Decided January 7, 1943.

For the plaintiffs-respondents, *Charles A. Bonnell.*

For the defendant-appellant, *Bolte, Miller & Repetto* (*Harry Miller,* of counsel).

The opinion of the court was delivered by

HAGUE, J. This is an appeal by the defendant-appellant, Wildwood Ocean Pier Corporation, from a judgment in the Supreme Court (Cape May County). The plaintiff Mrs. Friel had judgment for her personal injuries in the amount of $1,500, her husband, Matthew, a judgment *per quod* in the sum of $1,000.

The plaintiffs' cause of action arose as follows: On the afternoon of August 20th, 1940, Mr. and Mrs. Friel, with their children, attended the defendant's amusement pier. The group patronized an amusement device known as the "Mountain Slide." The slide, as described in appellant's brief, is 160·feet long and is located in the center of the pier. The top is about forty feet from the floor. There is a pronounced "dip" at the start of the slide and then it "slacks off" and comes down into another "dip" and at the bottom runs

off for some forty feet on a flat surface to a "bumper." At the foot or bottom of the slide the bumper is built of cotton and wool matting covered with canvas, the bottom of which was nailed in such a way as to have the nails covered by the canvas. Mrs. Friel came down the slide with one of the children in her lap. Her feet were extended and she came into contact with the bumper with the result that she broke her ankle.

The question raised by the grounds of appeal are the court's refusal to grant a nonsuit, refusal to direct a verdict for defendant, and whether the court erred in the charge to the jury, to which certain exceptions were entered.

There was testimony in the case in support of plaintiffs that at the bottom of the slide, which was where the accident happened, the padding was torn and pushed out of place so that "it had become thin and left quite a hollow not protected;" that the nailheads had worked out so that they protruded and that the canvas covering was old and worn. Taken all in all, there was testimony from which the jury could properly have inferred negligence in maintenance and operation. This being so, it was not error to deny motions for nonsuit and for direction of verdict.

The remaining grounds of appeal are directed to the court's charge to the jury. An exception was taken to the following portion of the court's charge: "I further charge you that the owner of a place of enjoyment is charged with affirmative, positive obligation to know that the premises are safe for the public to use and may not be exonerated merely because he had no precise knowledge of the defective conditions of the device to which he has invited the public and when they accept his invitation and pay the prescribed admission fee they have a right to assume that he has furnished a safe place for them to enjoy the privileges of the places of enjoyment. * * *" The first part of this instruction to the jury was erroneous. In effect, it required defendant to be an insurer of the safety of its patrons. The defendant as the operator of the device had the duty to employ reasonable care and diligence to see that the device was properly constructed and suitably maintained for the purpose for which it was intended.

*Schellack* v. *Biers,* 109 *N. J. L.* 61; 160 *Atl. Rep.* 404; *Zappala* v. *Stanley Company of America,* 124 *N. J. L.* 569; 12 *Atl. Rep.* (2d) 691.

The fact that the court charged the appellant's second request to charge which contained the correct rule of law on this phase of the case does not cure the error. It is well settled that where an erroneous rule of law is charged, even though the correct rule of law be subsequently stated by the court to the jury, the error is not removed because the correct rule of law was subsequently stated. The jury could not be expected to determine which was the correct rule and which the incorrect.

There are some other points made by the appellant, each of them directed at the court's charge. We find it unnecessary to consider them.

The judgment must be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 14.